UNITED STATES of America,
Plaintiff,

v.

Irving KOTT, Defendant.

No. CR 03–739 FMC.

United States District Court,
C.D. California.

Nov. 5, 2004.

Gregory J Weingart, U.S. Attorneys, Los Angeles, CA, for U.S.

## ORDER ON MOTION TO UNSEAL DOCUMENTS

COOPER, District Judge.

The matter came on for hearing on October 12, 2004, on the Motion of Dow Jones & Company, publisher of the Wall Street Journal, unseal the FBI Affidavit in support of an application for search warrant and to unseal the Indictment filed in the instant case, both of which were sealed by Court Order. The parties were in possession of the Court's Tentative Decision to Grant the Motion. Following oral argument on behalf of the Intervenor, Defendant, and the Government, the matter was taken under submission. The Court now grants the Motion.

### Background

Between 1993 and 1997, the SEC and other federal law-enforcement agencies conducted an investigation of many persons and entities who were suspected of committing federal securities fraud. On August 18, 1997, search warrants were executed at the home of defendant, Irving Kott, and at the offices of J.B. Oxford Holdings, Inc. Almost six years later, in July 2003, the Government filed an indictment under seal, naming defendant Kott and one other defendant. The indictment was apparently never served on anyone, and in June 2004, defendant Kott entered a plea of guilty to a two-count superseding information. He was immediately sentenced, pursuant to a plea agreement, to five years' probation and payment of $1 million in fines and charitable donations.

### Discussion

#### A. Right of Access:

Dow Jones contends no justification exists for the continued sealing of these documents, citing the press and public's pre-sumed right of access to court proceedings and documents. *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 78 L.Ed.2d 629 (1984), *Oregonian Publ'g Co. v. United States Dist. Court,* 920 F.2d 1462, 1465 (9th Cir.1990). The Court agrees.

This presumption has been acknowledged in other circuits to apply to indictments (*United States v. Smith,* 776 F.2d 1104, 1112 (3d Cir.1985)) and search warrant affidavits, once the warrant has been executed and an indictment obtained. (*In re Application of Newsday, Inc.,* 895 F.2d 74 (2nd Cir.1990)).

█ In evaluating Dow Jones' Motion for access to these documents, the Court is guided by the United States Supreme Court's decisions which delineate factors the Court should weigh. In *Press–Enterprise Co. v. Superior Court,* 464 U.S. 501, 510, 104 S.Ct. 819, 824, 78 L.Ed.2d 629 (1984) (*Press–Enterprise I*), the Court held that the presumed right of access of the press and public to court proceedings and documents can be overcome only by an overriding right or interest "based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest."

█ A two-part test, known as the "experience and logic" test, has been established to determine whether a First Amendment right of access extends to a particular document. First, the court is to decide whether the type of document has traditionally been open and available to the public. Second, the court is to determine whether public access to the document would serve as a curb on prosecutorial or judicial misconduct or otherwise further the public interest in understanding the criminal justice system. *Press–Enterprise v. Superior Court,* 478 U.S. 1, 8–9, 106 S.Ct. 2735, 2740, 92 L.Ed.2d 1 (1986) (*Press–Enterprise II*).

■ In applying the first part of the test, with respect to the indictment, the analysis of the Fourth Circuit in *United States v. Smith,* 776 F.2d 1104, 1112 (1985), is sound:

> As with open criminal trials, the institutional value of public indictments "is recognized in both logic and experience." It has long been the law that "criminal proceedings cannot be said to be brought or instituted until a formal charge is openly made against the accused, either by indictment presented or information filed in court." [citations] ... While indictments so presented are sometimes temporarily sealed by the court, this is the exception rather than the rule and occurs only when there is an overriding concern such as a well-grounded fear of flight by the accused to avoid apprehension.
>
> This historic tradition of public access to the charging document in a criminal case reflects the importance of its role in the criminal trial process and the public's interest in knowing its contents.

*Id.* at 1112.

■ With respect to the search warrant documents, in the Ninth Circuit, it has been determined that there is no presumed right of access to search warrant materials during the pre-indictment stage of an ongoing criminal investigation. *Times Mirror Company v. United States,* 873 F.2d 1210, 1219 (9th Cir.1989). However, "the Ninth Circuit specifically left open 'the question whether the public has [a] First Amendment right of access to warrant materials after an investigation is concluded or after indictments have been returned.' [citation]" *United States v. Inzunza,* 303 F.Supp.2d 1041, 1046 (S.D.Cal. 2004).

It is also significant that Rule 6(e)(4) of the Federal Rules of Criminal Procedure expressly provides that an indictment may be kept secret "until the defendant is in custody or has been released pending trial." Obviously, in this case, we are well past that stage.

Other circuits which have addressed the post-indictment or post-plea question have concluded that there is no need for continued secrecy, and there are no considerations which outweigh the public's right to access to search warrant materials. *See In re Application of Newsday, Inc.,* 895 F.2d 74 (2nd Cir.1990); *In re Application and Affidavit for a Search Warrant,* 923 F.2d 324 (4th Cir.1991).

As the *Inzunza* Court acknowledged, "the public will invariably obtain access to search warrant affidavits. Thus, the issue is not whether the public will gain access, but when." *Id.* at 1048

The Court is satisfied that the documents sought to be unsealed in this case are of the type traditionally accessible to the public.

The second factor also weighs in favor of unsealing the records in question. Public access to these records could play a significant and positive role in the functioning of the particular process in question. The state of the record as it currently exists is that after an extended and extensive investigation of numerous individuals and companies, a 48–count indictment was handed down by the Grand Jury. Ultimately, one defendant pleaded to two counts in a Superseding Information, received a probationary sentence, served no time in custody, and the Indictment was dismissed. No doubt perfectly legitimate reasons exist to explain the disparity between the original Indictment and the ultimate result, but the public will be unable to learn what they are unless it is armed with enough information to know what questions to ask. "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Press–Enter-*

*prise II,* 478 U.S. at 13, 106 S.Ct. 2735. This case strikes the court as a classic example of the case in which "logic" compels disclosure.

### B. Overriding Interests:

■ Once that two-part test is satisfied, a court may only maintain a sealing order where the right of access is overcome by an overriding right or interest, essential to preserve higher values. *Press–Enterprise II.* Defendant, in addition to arguing that there is no First Amendment or common-law right of access to these documents, contends that any such right is defeated by the privacy rights of defendant and third parties. The Court is not persuaded that defendant has a right of privacy with respect to a case in which he was indicted and criminal proceedings were instituted against him.

As to other unknown persons who may be identified in the indictment or warrant documents, the Court finds their position distinguishable from that of the unindicted co-conspirators involved in *United States v. Smith,* 776 F.2d 1104 (3rd Cir.1985). The *Smith* court found a compelling right to privacy which outweighed the press' right of access as to a Bill of Particulars. That Bill, if unsealed, would have given the public names of persons who appeared, in the opinion of the Government, to be guilty of felonies, "unaccompanied by any facts providing a context for evaluating the basis for the . . . opinion" *Id.* at 1113. Here, by contrast, a search warrant affidavit will, of necessity, contain detailed explanations of the suspected involvement of all persons named in the affidavit. The danger of unfounded character assassination in this context is not sufficient to constitute a compelling governmental interest in maintaining the secrecy of the documents.

### Conclusion

The Court hereby orders unsealed unseal the indictment in this case, filed July

24, 2003, as well as and the August 18, 1997 search warrant and its application.

Defendant's Request for a Stay of this Order pending appeal is granted.